UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | 2:16-CR-00103-JRG |
| vs. | ) ) ) | |
| VINCENT LEE FERGUSON, ET AL., | ) ) | |
| Defendants. | ) ) ) | |

**MEMORANDUM OPINION AND ORDER**

All pretrial motions have been referred to the undersigned pursuant to 28 U.S.C. 636(b) for disposition or report and recommendation regarding disposition by the District Court as appropriate. Defendant, Matthew Martland, has filed a Motion for Bill of Particulars [Doc. 85]. The other Defendants moved to join in this motion, [Docs. 93-95, 97, 100], and such motions were granted. [Docs. 96, 101]. The Government filed a response [Doc. 108]; Martland replied [Doc. 121]. This motion is now ripe for resolution.

**I.     Background and Parties' Positions**

Defendants are former employees of Wellco Enterprises, Inc., a now defunct manufacturer and supplier of military and rugged footwear that sold such footwear to the Government and the public [Docs. 36, 81]. The Superseding Indictment alleges Defendants conspired to commit and committed wire fraud, defrauded the United States, and smuggled goods into the United States by importing military-style boots that were made in China. It also alleges deceptive marketing and sale of the boots as "Made in the USA" and compliant with the Trade Agreements Act of 1979, 19 U.S.C. § 2501 et seq. and the Berry Amendment, 10 U.S.C. § 2533a. [*Id*.].

Pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure, Martland moves the Court to order the Government to provide a bill of particulars "particularizing the allegations

1

against" Martland. He asks the Government to identify the "specific conduct forming the basis of the charges against him – to include the dates and locations of such conduct" [Doc. 86, p. 12]. He also seeks specificity as to the conduct supporting the charges against the co-Defendants because the Superseding Indictment alleges he conspired with and aided and abetted them.

In support, Martland first argues the Government is obligated to provide particularization. Next, he argues the Superseding Indictment is not sufficiently particular because it relies upon domestic preference and labeling laws that are enforced on a case by case basis. He contends that such statues are vague, are affected by a range of regulations and case law, and that the Superseding Indictment makes no reference to such regulations. He summarizes that the "allegations of violations of these statutes, coupled with conclusory recitations of the essential elements of the charged offenses are not sufficiently clear and definite to inform" him of the charges.

Lastly, Martland argues that a bill of particulars is necessary to allow certain pretrial or trial preparation, specifically (1) preparation "for the actual charges the government will attempt to prove" and, (2) filing of motions to "prevent introduction of prejudicial assertions" he believes are irrelevant to the charges or are otherwise inadmissible [Doc. 86, p. 10]. He elaborates that a bill of particulars will allow him to "sift more efficiently through the evidence," enable counsel to "more intelligently interview potential witnesses" and prepare jury instructions, and generally avoid waste of judicial resources [*Id*. at 11].

The Government objects, arguing that the Superseding Indictment is detailed and that the Government has provided extensive discovery in this case.[1] The Government argues Defendants' motion is a generic and vague request for information. It also asserts that Defendants seek a bill of particulars for improper purposes, i.e. to re-produce the voluminous discovery and improperly

---

[1] Certain of Defendants' other pretrial motions confirm this assertion with extensive arguments about the voluminous nature of the discovery, noting that discovery, over a 100 gigabytes, would not just fill a room but multiple courthouses.

compel the Government to identify its primary evidence, case theories and witnesses.

Martland replies by reiterating many grounds cited in the original motion and supporting brief. He also adds that the Superseding Indictment is insufficient without an allegation of an overt act by Martland.

## II.     Applicable Law

Rule 7(c)(1) of the Federal Rules of Criminal Procedure provides that an "indictment or information must be a plain, concise and definite written statement of the essential facts constituting the offense charged." The Supreme Court has held that an indictment is sufficient "if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States,* 418 U.S. 87, 117, 94 S.Ct. 2887, 2907, 41 L.Ed.2d 590 (1974); *United States v. Landham*, 251 F.3d 1072, 1079 (6th Cir. 2001). *Hamling* also requires that the statutory language "be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offenses, coming under the general description, with which he is charged." 418 U.S. at 117-18 (quoting *United States v. Hess*, 124 U.S. 465, 8 S.Ct. 564, 31 L.Ed. 508 (1888).

Rule 7(f) of the Federal Rules of Criminal Procedure states:

> The Court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires.

The purposes of a bill of particulars are to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at the time of trial, and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague for such purposes. *United States v. Birmley*, 529 F.2d 103, 108 (6th Cir. 1976). A bill is meant to be used a tool to minimize

3

surprise and assist defendant in obtaining the information needed to prepare a defense and to preclude a second prosecution for the same crimes. It is not meant as a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial. *United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir. 1993).

While the amount of detail in an indictment can serve as a basis for denying a motion for a bill of particulars, *Salisbury*, 983 F.2d at 1375, a defendant is not entitled to a bill of particulars with respect to information available through other sources. *United States v. Paulino*, 935 F.2d 739, 750 (6th Cir. 1991) *superseded on other grounds by stat.; see also United States v. Caseslorente*, 220 F.3d 727 (6th Cir. 2000) (on sentencing issue). With regard to conspiracies charged in an indictment for which an overt act must be proven, not all of the overt acts in furtherance of the alleged conspiracy need to be alleged. *United States v. Henson*, 848 F.2d 1374, 1385 (6th Cir. 1988). The decision to order a bill of particulars falls within the sound discretion of the trial court. *Salisbury*, 983 F.2d at 1375.

## III. Analysis

Defendants first argue that the Government is obligated to particularize the charges. Defendants cite a number of cases, many from outside the Sixth Circuit, in support of this position. The discussion and cited law provides an overview of the law applicable to bills of particulars in this and other Circuits, but it does not mandate bills of particulars. Further, Rule 7 is definitive - the parties can request a bill of particulars and a court *may* direct the Government to file one. A request does not create an obligation.

Defendants next assert that the Superseding Indictment is insufficiently particular because it relies upon domestic preference and labeling laws that are enforced case by case. Further, Defendants assert the statues are vague and impacted by various regulations and case law not

referenced in the Superseding Indictment. This is effectively a truncated version of the arguments advanced in the Motions to Dismiss the Superseding Indictment [Docs. 72, 76, 79, & 84].

The Superseding Indictment does not charge the Defendants with violations of such laws; it charges them with conspiracy to commit wire fraud under 18 U.S.C. § 1349, multiple counts of wire fraud under 18 U.S.C. § 1343, major fraud against the United States under 18 U.S.C. § 1031, and smuggling goods into the United States under 18 § U.S.C. 545. The elements of the enumerated charges do not require proof of the violation of other statutes or regulations, including domestic preference and labeling laws.[2]

The Superseding Indictment contains 24 pages of substantive content. The indictment is compliant with *Hamling* as it adequately identifies the elements of the conspiracy, fraud and smuggling charges, fairly informs Defendants of the charges against them which they must defend, and enables a plea of acquittal or conviction as a bar to future prosecutions for the same offenses.

The Court finds the Superseding Indictment contains sufficient information to assist Defendants in obtaining the information needed to prepare a defense. In fact, the Defendants were given copious amounts of discovery, mainly in the form of e-mails and electronic documents, from the outset of the case. The most recent production occurred many months ago in April 2017. Given that this case is, as Defendants have repeatedly represented, primarily based upon e-mails, the information Defendants seek via a bill of particulars appears readily available through discovery. Defendants do not suggest otherwise or point to any deficiencies in their ability to obtain information about the indictment from the discovery or otherwise.

In conjunction with the preceding argument, Defendant Martland asserts that the Superseding Indictment is insufficient because it fails to allege an overt act by him. Whether the

---

[2] This is not to say that domestic preference and labeling laws bear no relationship to the case or indictment counts. These laws factor into this case, but not in the manner Defendants assert.

Superseding Indictment alleged an overt act by Martland is not determinative because Sixth Circuit law is clear: Not all of the overt acts in furtherance of an alleged conspiracy for which an overt act must be proven need to be alleged in an indictment. *United States v. Henson*, 848 F.2d 1374, 1385 (6th Cir. 1988). This stands to reason since conspiracy cases involving overt acts do not require that an overt act be proven at trial for each alleged member of the conspiracy, *see United States v. Cunningham*, 679 F.3d 355, 373 (6th Cir. 2012); or that the jury only consider overt acts alleged in the indictment, *United States v. Stone*, 323 F.Supp.2d 886, 890 (E.D.T.N. 2004). Rather, only one overt act is required. *Cunningham*, 679 F.3d 355 at 373 (6th Cir. 2012).

While the other Defendants have joined this motion, they have not separately alleged that the Superseding Indictment is insufficient because it fails to allege an overt act by each. Even if they filed motions relative to individual overt acts, the analysis above remains applicable.

Lastly, Defendants urge that a Bill of Particulars is needed to "sift more efficiently through the evidence," enable counsel to "more intelligently interview potential witnesses" and prepare jury instructions, and generally avoid waste of judicial resources. These grounds are comparable to those listed in support of the motion to compel a witness and exhibit list. Such grounds do not warrant a bill of particulars. "A defendant is not entitled to a bill of particulars if the purpose of the bill is to obtain a list of the Government's witnesses . . . ." *United States v. Musick,* 291 F.App'x 706, 724 (6th Cir. 2008), citing *United States v. Largent,* 545 F.2d 1039, 1043 (6th Cir.1976); *United States v. Salisbury,* 983 F.2d 1369, 1375 (6th Cir. 1993).

In the same vein, the Court notes that Rule 7(f) contemplates that defendants will seek a bill of particulars within 14 days after arraignment or at a later time if the Court permits. While the Court's scheduling order allowed Defendants to file all pretrial motions by October 27, 2017, and did not explicitly require earlier filing of a motion for a bill of particulars or filing within 14 days of arraignment, it is, nevertheless, notable that Defendants did not pursue this request much

earlier in the life of this case that began in fall 2016. In any event, Defendants have not shown they are entitled to a bill of particulars in this case.

## IV. Conclusion

For the foregoing reasons, the Motion for a bill of particulars [Doc. 85] is **DENIED**.

SO ORDERED:

s/ Clifton L. Corker
United States Magistrate Judge