# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# GREENEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 2:16-CR-00103-JRG |
| | ) | |
| vs. | ) | |
| | ) | |
| VINCENT LEE FERGUSON, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

All pretrial motions have been referred to the undersigned pursuant to 28 U.S.C. 636(b) for disposition or a report and recommendation regarding disposition by the District Court as appropriate. Defendant, Matthew Martland, has filed a Motion to Compel Government to Provide Defendant with Witness and Exhibit List in Advance of Trial [Doc. 81]. The other Defendants moved to join in this motion, [Docs. 93-95, 97, 100], and such motions were granted. [Docs. 96, 101]. The Government filed a response [Doc. 110]; Martland replied [Doc. 120]. The motion is now ripe for resolution.

## I.    Background and Parties' Positions

Defendants are former employees of Wellco Enterprises, Inc., a now defunct manufacturer and supplier of military and rugged footwear that sold such footwear to the United States and the public [Docs. 36, 81]. The Superseding Indictment alleges Defendants conspired to commit and committed wire fraud, defrauded the United States, and smuggled goods into the United States by importing military-style boots that were made in China. It also alleges deceptive marketing and sale of the boots as "Made in the USA" and compliant with the Trade Agreements Act of 1979, 19

U.S.C. § 2501 et seq. and the Berry Amendment, 10 U.S.C. § 2533a[1] [*Id.*].

Defendants move the Court to order the government to provide witness and exhibit lists at least ninety (90) days prior to the April 3, 2018, trial. Defendants contend such lists are necessary to protect their rights to a fair and speedy trial, effective assistance of counsel and due process given the complexity of the case, volume of discovery materials, and potential witnesses being located across multiple foreign jurisdictions. Defendants also claim the "[G]overnment's novel application of the charged statutes" hinders trial preparation because the Superseding Indictment relies upon flexible standards used in domestic preference and labeling laws that limit their ability to identify what conduct forms the basis of the charges.

The Government objects to the motion and asserts that complete discovery was provided. The Government asserts no Constitutional basis exists to compel disclosure of witnesses or exhibits. The Government, relying on a number of cases, also urges that the Federal Rules of Criminal Procedure do not provide authority to compel it to disclose evidence not required by Rule 16. Lastly, the Government notes that the issues raised by Defendants have been litigated extensively in this District with relief generally being denied.

## II. Analysis

"Ordinarily, a defendant is not entitled to a list of the names … of the [G]overnment's witnesses." *United States v. Perkins*, 994 F.2d 1184, 1190 (6th Cir. 1993), *cert. denied*, 510 U.S. 903 (1993) (citing Fed. R. Crim. P. 16); *see also United States v. Turner*, 91 F.App'x 489, 491 (6th Cir.2004) (holding that a "defendant in a non-capital case . . . is not entitled to know in advance of trial who will testify for the government"); *United States v. Kendricks*, 623 F.2d 1165,

---

[1] Count One charges Defendants with conspiracy to commit wire fraud, Counts Two through Nine charge wire fraud, Count Ten charges major fraud against the United States, and Count Eleven charges Defendants with smuggling goods into the United States. [Doc. 36].

2

1168 (6th Cir. 1980) (noting "defendants cannot obtain lists of prosecution witnesses as a matter of right, although the court has the discretion to order the prosecution to produce it").

Similarly, defendants are not entitled to pretrial disclosure of the Government's exhibit list. *See United States v. Prince*, 618 F.3d 551, 562 (6th Cir. 2010). In fact, requiring the Government to designate its trial evidence appears to exceed the discovery requirements in Fed.R.Crim.Pro. 16(a) and potentially invade Government counsel's work product. *See United States v. Richards*, 659 F.3d 527, 543-44 (6th Cir. 2011), *cert. denied*, 132 S. Ct. 2726 (2012) (concluding that even if discovery is voluminous, the government has no duty to identify the particular documents that are relevant to counts of an indictment); *United States v. Warshak*, 631 F.3d 266, 296-97 (6th Cir. 2010) (rejecting an argument that the government direct a defendant to exculpatory evidence within the total discovery provided).[2]

With the foregoing in mind, the Court initially observes that justice (i.e. a fair and speedy trial, effective assistance of counsel, and due process) does not require the Court to order production of witness and exhibit lists. Defendants would undoubtedly be better prepared to defend against the allegations if armed with more information regarding facts, witnesses and exhibits the government intends to rely upon. But, this is neither unique nor distinguishable as the benefit of added preparation is applicable to virtually any criminal proceeding and defendant.

Next, Defendants' reference to the voluminous nature of the discovery and potentially large pool of witnesses from foreign jurisdictions is unpersuasive. Defendants' motion makes little effort to explain the full scope of discovery the Government may draw upon to select witnesses or exhibits or to identify a single foreign jurisdiction from which any witness may originate. Until

---

[2] This authority does not negate the Government's obligation to provide defendants with information that is favorable to the defense and material to guilt or punishment per *Brady v. Maryland*, 373 U.S. 83, 87 (1963). The Government "acts at its own peril" should it fail to timely provide *Brady* material. *United States v. Presser*, 844 F.2d 1275, 1271 (6th Cir. 1988).

defense counsel referenced Taiwan, China and Puerto Rico during the pretrial hearing, these foreign jurisdictions were undefined.

With regard to the documentary discovery, Defendants generalize that "over 100 gigabytes of electronic discovery, consisting of tens of thousands of documents and emails that were stored on Wellco's corporate server" was produced by the government.[3]  Whether this description refers to 20,000, 100,000 or some other amount is unspecified.  The general description could just as easily refer to individual pages as it could to multi-page emails or documents.[4] Defendants also decline to specify whether the entire set of discovery materials is truly pertinent to the matters at issue for trial.  In the absence of a defined scope of materials at issue, the Court declines to find the scope so voluminous or complex as to suggest a need for witness and exhibits lists.

Even if the Court assumes the scope of materials produced in discovery is significant, Sixth Circuit guidance in cases involving voluminous discovery does not weigh in Defendants' favor. For example, in *Prince*, 618 F.3d at 561, the Sixth Circuit affirmed the district court's decision not to require the United States to specifically identify the exhibits it planned to use at trial from the approximately 70,000 pages of discovery produced. This District generally declines to require the Government to provide witness and exhibit lists. *See United States v. Blankenship*, No. 3:14-CR-124, 2015 WL 4561458 at *11 (E.D. Tenn. July 29, 2015) (denying motion for specific designation of the evidence the government intends to use in its case-in-chief involving 80 gigabytes of data and the equivalent of 64,000 hardcopy pages and denying motion for a witness list); *see also United States v. Allen*, No. 3:12-CR-90, 2014 WL 3579373 at *4 (E.D. Tenn. July 21, 2014);

---

[3]  At the pretrial hearing, defense counsel asserted the electronic information would fill "not just multiple rooms, but multiple courthouses."  [Doc. 133, p. 88].

[4] While the Motion does not specify the number of pages at issue, Defendant Streeter's October 13, 2017, Motion to Continue [Doc. 71] sheds light on the actual number of emails or documents. It reflects there are "more than ten thousand emails" and more than "twenty thousand documents."

4

*United States v. Kincaid*, No. 3:10-CR-160, 2013 WL 5488524 (E.D. Tenn. Oct. 2, 2013). This case is indistinguishable from the situations identified in the cited matters.

In the same vein, the Court finds *United States v. Moss*, No. 02-20165-D/P (W.D. Tenn. June 15, 2005) unpersuasive. When compared to the general approach in the Sixth Circuit and this District, *Moss* appears to be the exception rather than the rule regarding Government production of witness and exhibit lists. Moss is also factually distinguishable. As recognized in *Kincaid*, *supra*, the *Moss* defendants continued to litigate discovery issues within three months of the trial in contrast to this case in which Defendants have possessed "multiple thousands of pages of document in electronic format" since the receipt of the government's initial discovery production on September 27, 2016 [Doc. 30], and receipt of supplemental discovery within weeks after their third motion to continue in April 2017 [Doc. 60].

Defendants' hands are not tied regarding an ability to review the discovery. They have maintained a searchable database of the discovery material since early 2017 per Neil Streeter's motion to reconsider [Doc. 99] and discussions with the Court at the October 2017 status conference. Such ready access to the discovery facilitates document review and trial preparation and streamlines location of materials during trial as the Government presents its proof.

As to witness issues and preparation, Defendants have long been aware of the potential involvement of witnesses outside this district. They sought and were granted a second continuance in February 2017, based, in part, on the asserted need to locate and interview numerous witnesses and travel for such investigation. [Docs. 47, 51]. The Court expected Defendants to utilize the added time to complete the tasks it cited as grounds for a continuance. Therefore, reliance upon the same asserted need to pursue witness investigation, [Doc. 133, p. 982], as a basis for a witness list is misplaced.

The amount of time Defendants have possessed the discovery materials is germane. By the time of trial in April 2018, Defendants, with the exception of Neil Streeter, will have had over a year and a half since entry of the original scheduling order in September 2016 [Doc. 24] to review discovery and prepare for trial.[5] Four continuances were granted to allow exactly that, although only Streeter sought the final continuance of the January 2018 trial due, in part, to a change in his counsel and the need for new counsel to review discovery and ensure database access [Doc. 71].

Streeter's motion is pertinent here for another reason. When it was heard at the October 2017, status conference, no Defendant had filed a motion requesting that the Government be required to supply a witness or exhibit list 90 days prior to the January 2018, trial. At that time, barely 90 days remained before the commencement of trial, thus making production of witness and exhibit lists 90 days before a January 2018 trial impossible. The fact that Defendants never sought such relief when the trial date was looming is telling; it suggests that Defendants have far less need for witness and exhibit lists than asserted.

Defendants' arguments in support of the motions to dismiss the Superseding Indictment [Docs. 72, 76, 79 & 84] are insufficient to warrant witness and exhibit lists in light of the recommendation that such motions be denied as stated in the Court's Reports and Recommendations on the Motions to Dismiss filed contemporaneously with this order.

Ultimately, this Court declines to find that justice requires the pretrial disclosure of the Government's witnesses and exhibit lists. The Court likewise finds that Defendants have not established a particular need for notice of the government's witnesses or exhibits beyond the notice provisions established in the Order on Discovery and Scheduling [Doc. 24] as amended [Docs. 35, 51, 63, and 75].

---

[5] Neil Streeter will have had a slightly shorter period of access to the discovery materials as a result of his initial appearance in this case occurring in January 2017. [Docs, 39, 47].

### III. Conclusion

For the foregoing reasons, the motion to compel disclosure of the Government's witnesses and exhibits before trial [Doc. 81] is **DENIED**.

SO ORDERED:

s/ Clifton L. Corker
United States Magistrate Judge