UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | 2:16-CR-00103-JRG |
| | ) | |
| vs. | ) | |
| | ) | |
| VINCENT LEE FERGUSON, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM OPINION AND ORDER**

All pretrial motions have been referred to the undersigned pursuant to 28 U.S.C. 636(b) for disposition or a report and recommendation regarding disposition by the District Court as appropriate. Defendant, Matthew Martland, has filed a Motion for Notice Pursuant to Rule 12(b)(4)(B) of Government's Intention to Use Evidence Arguably Subject to Suppression and Evidence Government Intends to Introduce in its Case In Chief at Trial [Doc. 87]. The other Defendants moved to join in this motion, [Docs. 93-95, 97, 100], and such motions were granted. [Docs. 96 & 101]. The Government filed a response [Doc. 115]; Martland replied [Doc. 123]. The motion is now ripe for resolution.

**I.     Background and Parties' Positions**

Defendants are former employees of Wellco Enterprises, Inc., a now defunct manufacturer and supplier of military and rugged footwear that sold such footwear to the United States and the public [Docs. 36, 81]. The Superseding Indictment alleges Defendants conspired to commit and committed wire fraud, defrauded the United States, and smuggled goods into the United States by importing military-style boots that were made in China. It alleges deceptive marketing and sale of the boots as "Made in the USA" and compliant with the Trade Agreements Act of 1979, 19 U.S.C.

1

§ 2501 et seq. and the Berry Amendment, 10 U.S.C. § 2533a[1] [*Id.*].

Defendants, relying upon Fed.R.Crim.Pro. 12(b)(4)(B), move the Court to order the Government to provide notice and designation of three categories of information. Defendants first seek designation of any and all information subject to Rule 16, including information in the possession custody and control of the Government or information which is known to the Government or could become known to the Government by exercise of reasonable diligence and that the Government now or at any time "contemplates or considers" using in its case in chief. Defendants next list topics about which they desire written notice. The third category of information effectively reiterates the first category. There is no indication from the record that Defendants sought a Rule 12(b)(4)(B) notice prior to filing the October 26, 2017, motion.

The Government responds [Doc. 115] that Rule 12(b)(4)(B) is limited in scope in that it only relates to evidence the Government intends to use in its case in chief and is not a mechanism to be used to obtain more specific discovery than contemplated by Fed.R.Crim.Pro. 16. Further, the rule is intended to facilitate the making of suppression motions and avoid unnecessary motions if the Government does not intend to use the evidence. The Government, by its observation that Defendants filed their motion on the day of the pretrial motion deadline, suggests the present motion is untimely and further motions to suppress, which would necessarily be filed after the expiration of the motion deadline, would be barred. At the hearing, the Government advised that it does not possess information responsive to items 2(b) through (f) of Defendant's motion and that information responsive to 2(g), which seeks statements by Defendants and others "intended to be offered as a statement of the Defendant or a vicarious admission" was previously produced.

---

[1] Count One charges Defendants with conspiracy to commit wire fraud, Counts Two through Nine charge wire fraud, Count Ten charges major fraud against the United States, and Count Eleven charges Defendants with smuggling goods into the United States. [Doc. 36].

Defendants replied urging the Court to require the Government to disclose the requested information and arguing that the motion deadline is not an absolute bar to filing additional motions if good cause exists for filing a motion past the motion deadline. Defendants ostensibly believe that if information is disclosed, such disclosure would constitute good cause.

## II.     Analysis

Fed.R.Crim.Pro. 12(b)(4)(B) provides as follows:

> At the arraignment or as soon thereafter as practicable, the defendant may, in order to have an opportunity to suppress evidence under Rule 12(b)(3)(C), request notice of the government's intent to use (in its evidence-in-chief at trial) any evidence that the defendant may be entitled to discover under Rule 16.

Fed.R.Crim.Pro. 12(b)(4)(B). The 1974 Advisory Committee note clarifies the rule's purpose:

> In cases in which defendant wishes to know what types of evidence the government intends to use so that he can make his motion to suppress prior to trial, he can request the government give notice of its intention to use *specified* evidence…."

Fed.R.Crim.Pro. 12 Advisory Committee Notes (emphasis added).

Rule 12(b)(4)(B) is substantively limited in two key respects. *See United States v. Ishak*, 277 F.R.D. 156, 158 (E.D. Va. 2011). The first limitation restricts the purpose for which a request may be made. The Rule entitles defendants to "notice of evidence that the government intends to use insofar as that notice would 'provide the defendant with sufficient information to file the necessary suppression motions.'" *Ishak*, 277 F.R.D. at 158 (quoting *United States v. Lujan*, 530 F.Supp.2d 1224, 1246 (D. N.M. 2008)). In other words, disclosures should allow defendants to make informed decisions regarding whether to pursue suppression motions. *Id*. Rule 12(b)(4)(B) is not a mechanism to extract an exhibit or witness list from the government or require the government to identify all the particular documents it will offer at trial. The Rule is also not a strategic device to obtain exclusion of evidence the Government did not designate. *Id.*

As articulated in *Ishak*, the second limitation governs the request for notice itself. "What Rule 12(b)(4)(B) does require is that the government respond to a defendant's request for notice

whether the government intends to offer specific evidence that the request identifies. . . In order to trigger a notice obligation, the defendant's request must identify potentially suppressive evidence with specificity." *Id.* at 159. Stated differently, "[a]ny request under Rule 12(b)(4)(B) must identify evidence with sufficient specificity that the government can readily ascertain the particular evidence referenced. Only then can the government effectively provide notice whether it intends to offer that particular evidence in its case-in-chief." *Id.* at 160 (denying defense "requests that the government designate 'its evidence' and any 'calls,' 'transcripts,' and 'physical evidence' pertaining to defendants" as insufficient).

This district has historically required specificity in Rule 12 requests. In *United States v. Bunch*, No. 3:09-CR-127, 2009 WL 4784637, at *2 (E.D. Tenn. Dec. 8, 2009), this Court noted that "Rule 12 does not require the [g]overnment to disclose a list of all of the evidence that it plans to use in its case-in-chief nor does it required the [g]overnment to undertake its own assessment of whether any of that evidence might be 'arguably subject to suppression.'" This Court then denied a motion for notice under Rule 12(b)(4)(B) because the request was otherwise overbroad.

Rule 12(b)(4)(B) also includes procedural limitations. First, the Rule plainly contemplates that a defendant will make a request directly to the Government for notice of the intent to use evidence as opposed to filing a motion to force compliance as has occurred here. More importantly, the Rule mandates expedient submission of the request, i.e, at arraignment or as soon afterward as practicable.

The Court will first address whether the motion for Rule 12(b)(4)(B) notice is timely. The Indictment [Doc. 5], which charged all Defendants other that Neil Streeter, was returned on September 13, 2016. Within two days, Defendants were arrested and the Court conducted an initial appearance and arraignment and a scheduling order was entered. Per the Defendants' first motion to continue [Doc. 30], they received the initial discovery production, which included "multiple

thousands of page documents in electronic format" on September 27, 2016. The Superseding Indictment, which added Neil Streeter as a Defendant, was returned on January 10, 2017, after which time Streeter's initial appearance and arraignment were conducted. On January 26, 2017, Defendants jointly sought a second continuance. In the motion, they affirmed receipt of "voluminous discovery" from the Government and noted that the majority of the materials had yet to be reviewed [Doc. 47].

Defendant's third joint motion to continue was filed on April 20, 2017, and it advised that the initial discovery production included approximately 90 gigabytes of data with another 50 to 60 gigabytes of supplemental materials expected in the following weeks [Doc. 60]. The third continuance motion was granted on April 26, 2017, and the Court set the trial for January 16, 2018, with a pretrial conference on November 21, 2017, and pretrial motion deadline of October 27, 2017 [Doc. 63]. According to the August 2, 2017, Motion for Date of Production to the Court of Subpoenaed Items for Examination by Counsel and for Protective Order [Doc. 65], the Government provided supplemental discovery on the same day as the third continuance was granted.

According to Defendants' motion for a witness and exhibit list [Doc. 81], the total amount of electronic discovery consisted of over 100 gigabytes. With 90 gigabytes having been provided by late April 2017, it is clear that the vast majority of discovery was produced many months ago. In fact, Defendants had at least five full months to review the majority, if not all, of the discovery ahead of the pretrial motion deadline. By August 2, 2017, the Defendants were sufficiently versed in the content of the discovery, particularly the e-mail evidence Defendants have moved to suppress, to represent to this Court in a motion that the entirety of the e-mail chains involving Defendants had not been produced by the Government. [Doc. 65].

Despite the foregoing, Defendants did not seek notice pursuant to Rule 12(b)(4)(B) until

5

filing the present motion at 11:18 p.m.[2] on the night prior to the pretrial motion deadline, October 26, 2017. A Rule 12(b)(4)(B) request is designed to put defendants on notice of intent to use evidence so they can determine whether and what suppression motions to file before the motion deadline. However, by waiting to request notice until, quite literally, the eleventh hour, Defendants manufactured a situation in which it would have been virtually impossible for the Government to respond. This chain of events does not reflect compliance with the requirement that a Rule 12(b)(4)(B) request be served as soon after arraignment as practicable.

Defendants do not suggest they have complied with Rule 12(b)(4)(B)'s time requirements for seeking a notice of intent. Rather, Defendant Martland's reply [Doc. 123], merely notes that the Court's October 18, 2017, Order provides that Defendants "may, with a showing of good cause, file pretrial motions" after the October 27, 2017, motion deadline [Doc. 75]. Martland appears to concede the absence of timeliness while simultaneously suggesting it is irrelevant.

The Court will not determine whether good cause might exist in the future to allow Defendants to late file a motion to suppress. But, it is difficult for the Court to imagine good cause exists based the present circumstances. The reasons the Court finds the motion are untimely are equally suggestive of the absence of good cause.

Next, relief is not warranted based upon a review of the requests contained in the motion. The first numbered request states as follows:

> Any and all evidence and information, including all information subject to disclosure under Rule 16, in the possession, custody, or control of the government, or the existence of which is known, or by the exercise of due diligence could become known to the government, which evidence or information the government presently or at any time contemplates or considers using in its evidence-in-chief at trial . . ..

[Doc. 87, ¶ 1]. The third numbered request effectively seeks the same scope of materials, so the

---
[2] Per the ECF time receipt.

Court will consider these concurrently [Doc. 87, ¶ 3]. Both requests are exceedingly broad. The only practical way in which the Government could respond to either is to supply what amounts to an exhibit list. Defendants are not, however, entitled to a pretrial disclosure of the Government's trial exhibits. *See e.g. United States v. Prince*, 618 F.3d 551, 562 (6th Cir. 2010).[3] Also, a request for all evidence and information is devoid of the specificity contemplated by the rule or *Ishak* or *Bunch*. For these reasons, the motion is denied as to the first and third categories.

The second category in the motion includes multiple subparts [Doc. 87, ¶ 2]. Subpart 2(a) requests notice regarding evidence obtained via warrantless search or seizure or that relates to or was derived from such a search or seizure. Defendants have already filed a suppression motion [Doc. 82] relating to extensive evidence they assert was the product of a warrantless search. They have no need to assess whether to file a motion to suppress relative to evidence that is already the subject to a pending motion.

Subpart 2(b) requests notice regarding evidence obtained via a search or seizure warrant or that relates to or was derived from "any such warrantless search or seizure." Although it appears the use of "warrantless" was a typographical error in subpart 2(b), the prior discussion regarding 2(a) is applicable if not. Assuming Defendants intended to refer to a search or seizure pursuant to a warrant, the government's confirmation during the hearing that no search warrants were executed requires denial of the motion as to 2(b). [Doc. 133, p. 98].

At the pretrial conference, the Government confirmed that subparts 2(c) through (f) do not apply in this case. [Doc. 133, p. 98]. Thus, a notice of intent is unnecessary.

Subpart 2(g) requests a notice of intent to use as to "[a]ny written, recorded, or oral statements of Defendants; by others intended to be offered as a statement of the Defendant or a

---

[3] Concurrent with the issuance of this Order, the Court has denied Defendants' motion [Doc. 81] seeking to compel the Government to provide a witness and exhibit list.

vicarious admission, such as a statement purported to be made in support of an alleged conspiracy." Defendants make no effort to define particular statements to which they refer. The term "statements" could refer any number of items of evidence, including the entirety of the voluminous e-mails the Defendants have already moved to suppress. In fact, counsel for Defendant Martland confirmed at the pretrial conference that the present motion is intended to request notice of intent to use specific e-mails. Defendants believe that the Government has to "break out what exactly – what statements, emails . . . they actually intend to introduce." [Doc. 133, p. 114].

Defendants misconstrue Rule 12 and, in this subpart 2(g), effectively request an exhibit list of the e-mails the Government intends to use at trial. For the reasons already articulated and as discussed in *Bunch and Ishak*, the Defendants are not entitled to such a list or the Government's trial strategy. Similarly, use of a blanket descriptor such as "statements" is akin to asking for "calls," "transcripts" or "physical evidence." Those descriptors were considered by *Ishak* to be insufficiently specific to satisfy Rule 12. The Court finds the same is true with regard to the term "statements."[4] The request is overbroad.

## III. Conclusion

For the foregoing reasons, the Motion for Notice Pursuant to Rule 12(b)(4)(B) of Government's Intention to Use Evidence Arguably Subject to Suppression and Evidence Government Intends to Introduce in its Case In Chief at Trial [Doc. 87] is **DENIED**.

SO ORDERED:

s/ Clifton L. Corker
United States Magistrate Judge

---

[4] Defendants reference statements purportedly made in support of an alleged conspiracy in an attempt to restrict the request. However, this is unlikely to truly narrow the request. The main focus of this case are allegations of conspiracy to commit wire fraud and wire fraud. Much evidence to support the wire fraud and conspiracy counts may necessarily be the same due to the nature of proof required for such counts. In other words, the Government would still be faced with compiling an exhibit list from the entire scope of materials produced.